UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

EDWARD MCGEE,

        Appellant,

v.                                                                 Case No. 09-CV-1107

SHERRIE D. DINSMORE,

        Appellee.

───────────────────────────────────────────────

## ORDER

Appellant Edward McGee ("McGee") filed this appeal from an order entered by United States Bankruptcy Judge Pamela Pepper on September 21, 2009. In the order, Judge Pepper granted Appellee Sherrie Dinsmore's ("Dinsmore") motion to dismiss McGee's adversary action. Dinsmore had filed for bankruptcy in January 2009 and McGee sought to have two civil judgments against Dinsmore excepted from discharge. McGee filed a notice of appeal of Judge Pepper's dismissal of his action more than one month later, on October 30, 2009. McGee's appeal was untimely filed under the applicable bankruptcy rule and this court lacks jurisdiction over it. Therefore, the court must dismiss McGee's action.

An appeal from a judgment, order, or decree of a bankruptcy judge to a district court must be taken within the time limits provided by Federal Bankruptcy Rule of Procedure 8002. Under this rule, an appeal from a bankruptcy court decision must be filed within 14 days of the date of entry of the order at issue. Fed. R. Bank. P. 8002(a). An appeal which is filed more than 14 days after entry of the order cannot be reviewed by the district court because the court lacks jurisdiction over the matter.

*See In re Maurice*, 69 F.3d 830, 832 (7th Cir. 1995) (stating that a late-filed notice of appeal puts the challenged bankruptcy order outside a district judge's power to review); *see also Stelpflug v. Fed. Lank Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir. 1986) (stating that the requirement of a timely notice of appeal from an order of the bankruptcy court is "mandatory and jurisdictional.").

In his appellate brief, McGee outlines the financial ruin he has suffered because of Dinsmore's actions and notes that state courts granted judgment in his favor on two small claims actions. Unfortunately, these circumstances do not change the fact that his notice of appeal was untimely filed. There is no question that McGee filed his notice more than 14 days after entry of Judge Pepper's dismissal order. The order was entered on September 22, 2009, during a hearing at which McGee was present. (*See McGee v. Dinsmore*, Case No. 09-02169-pp, Dk#16). However, McGee did not file his notice of appeal until 38 days later, on October 30, 2009. Consequently, the court lacks jurisdiction over the untimely appeal and must dismiss the action. Accordingly,

**IT IS ORDERED** that this appeal be and the same is hereby **DISMISSED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

2

Case 2:09-cv-01107-JPS    Filed 02/26/10    Page 2 of 2    Document 5